Mark L. Block (SBN 115457)
mblock@wargofrench.com
Jeffrey Williams (SBN 274008)
WARGO & FRENCH LLP
1888 Century Park East, Suite 1520
Los Angeles, CA  90067
Telephone: 310-853-6300
Facsimile: 310-853-6333

J. Scott Carr (SBN 136706)
scarr@wargofrench.com
Nathan D. Chapman (Pro Hac Vice)
WARGO & FRENCH LLP
999 Peachtree St., N.E., 26th Floor
Atlanta, GA 30309
Telephone:  404-853-1500
Facsimile:  404-853-1501

Attorneys for Defendant,
Time Warner NY Cable, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HILDEBRANDT, an individual, on behalf of himself, on behalf of all persons similarly situated, and as a Private Attorney General,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TWC ADMINISTRATION LLC, a Limited Liability Company; TIME WARNER NY CABLE, LLC; and Does 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.   EDCV 13-02276 JGB (DTBx)<br><br>**STIPULATION REGARDING CONFIDENTIAL MATERIAL**<br><br>Complaint Filed:  Nov. 4, 2013 |

**WHEREAS**, the Court may enter a protective order upon a showing of good cause.

**WHEREAS**, the Parties seek to exchange discovery that is of a confidential, proprietary, or private nature for which special protection from public disclosure and use for any purpose other than prosecuting this litigation would be warranted.

**WHEREAS**, the Parties believe in good faith that certain documents to be produced in this litigation may be classified as described above, specifically including, without limitation, employee payroll data, personnel data, and/or Defendants' internal documents regarding its policies, procedures, practices or strategies.

**WHEREAS**, the Parties believe that such discovery, if disclosed, could result in disclosure of private personnel information or have the effect of causing harm to Defendants' competitive position.

**WHEREAS**, the Parties only seek to stipulate and enter into a protective order that is limited to the discovery as described in this Stipulation.

Accordingly, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff GREGORY HILDEBRANDT ("Plaintiff") and Defendants TWC ADMINISTRATION LLC and TIME WARNER NY CABLE, LLC ("Defendants") (collectively, the "Parties"), through their undersigned counsel, that this Court, subject to the Court finding good cause pursuant to Federal Rule of Civil Procedure 26(c), enter the following Stipulated and Proposed Protective Order Regarding Confidential Discovery Material ("Stipulated Protective Order") with respect to pre-trial discovery. This Stipulated Protective Order will govern a limited set of documents and information produced by the Parties in response to discovery requests in this action, Case No. CV 13-02276 JGB (DTBx) ("Discovery Material"), as described in Section I.A of this Stipulation.

## I. DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

A. During the course of litigation, either party may seek to have Discovery Material classified as "confidential." Any party ("designating party") may designate as confidential any Discovery Material if the party in good faith believes that it contains confidential personal or commercial information, specifically including any non-public employee payroll data, employee personnel data, or Defendants' internal documents regarding their policies, procedures, practices or strategies. Discovery Material that is so designated is referred to herein as "Confidential Material." The designating party will mark each page of any document designated "Confidential" as such. The designation will be made to avoid obscuring or defacing any portion of the Discovery Material. Should any party, counsel for any party, or any person not a party to this action, who obtains access to any Confidential Material make copies of or from such material, the material will also be designated Confidential and all references in this Stipulated Protective Order will be deemed to apply to such copies. Deposition testimony based on information designated Confidential will be identified as such either by a statement on the record at the deposition or by marking as Confidential documents or selected pages of documents containing such testimony. If either party, through inadvertence, fails to designate Discovery Material as Confidential, but thereafter determines that such Discovery Material should have been so designated, it promptly will provide written notice of the Confidential designation, and to the extent practicable, the Discovery Material will be treated as Confidential Material from the date of receipt of such notice. Likewise, if a party designates Discovery Material Confidential and later determines that such Discovery Material should not have been so designated, it will promptly provide written notice of the removal of the designation along with a duplicate copy of the Discovery Material without the Confidential marking.

1        B.    All Confidential Material and any portion thereof, including copies thereof, will be deemed confidential and will be for use in these proceedings only, including purposes related to the resolution of the claims asserted in the action, such as the mediation, negotiation, and/or voluntary arbitration of one or more of the asserted claims.  Such Confidential Material shall not be used for any other purpose, including, without limitation, other commercial or business use or use in other litigation.

      C.    All Confidential Material and any portion thereof, including copies thereof, and any information derived therefrom will not be disclosed in any way to anyone other than:  (a) the Court and Court personnel; (b) the Parties' counsel and their staff; (c) stenographic reporters; (d) the named parties; and the following, provided that they expressly agree to be bound by the terms of this Stipulated Protective Order by executing the form attached as Exhibit A (discussed below in section II): (1) any expert or consultant retained in connection with this action; (2) witnesses at, and in preparation for, depositions, trial, or hearings in this action, and (3) outside vendors who perform data entry or similar clerical functions. Confidential Material may not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court.  Any disclosure should be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action and for no other purpose.

## II.   CONDITIONS OF DISCLOSURE

      A.    As set forth in section I.C. above, prior to the disclosure of Confidential Material or any information contained therein to the persons qualified to receive it but required to execute Exhibit A, counsel for the requesting party will secure and retain for the period described in section VIII of this Stipulated Protective Order, from each such person a signed copy of Exhibit A, which provides that he or she has read this Stipulated Protective Order, that he or she will not divulge any Confidential Material or any information contained therein except

in the preparation, trial, or appeal of this action and in accordance with the terms and conditions of the Stipulated Protective Order, and that he or she will not use the material for any other purpose.

B.  Confidential Material will be copied by only the Parties' counsel in this action or by personnel or outside vendors assisting such counsel and for only purposes permitted by this Stipulated Protective Order, and control and distribution of Confidential Material and copies thereof will be the responsibility of such counsel, who will maintain all written assurances executed by such persons as provided in sections I.C. and II.A for the period described in section VIII of this Stipulated Protective Order.

C.  The restrictions set forth in this Stipulated Protective Order will not apply to: (a) information that was, is, or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Stipulated Protective Order; or (b) Defendants (or their affiliates), with respect to their own information or information received or created during the normal course of their own business. Whether information that becomes a matter of public record in any other manner may still be subject to protection as Confidential Material will be determined according to the standards and procedures set forth herein. The owner of Confidential Material will be able to seek protection of that information in accordance with the provisions of this Stipulated Protective Order.

### III.  PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS

A.  During a deposition, either party may request any person present to sign the attached Exhibit A with the exception of any deposition reporters, videographers, and any individuals listed in sections I.C. (a)–(d).

   B. To designate Confidential Material in testimony, the designating party will (a) make an oral statement to that effect on the record, or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript.

   C. If any Confidential Material is marked as an exhibit in a deposition, or its contents are disclosed, wholly or partially, in the course of the testimony at such deposition, counsel for the Parties will (a) advise the reporter that the exhibit(s) refer to Confidential Material or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript.  In either case, the exhibit itself, as well as the portions of the transcript containing such disclosure, will be marked Confidential and will be deemed Confidential Material.  To this end, the reporter will not furnish copies thereof to anyone other than counsel of record for the Parties herein, and, if so requested by such counsel, the witness and the witness' counsel.

## IV. USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

In accordance with Central District of California Civil Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential Material," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the Parties shall publicly file a redacted version of the motion and supporting papers setting forth the basis under applicable law for sealing of the documents.

## V. CHALLENGING A CONFIDENTIAL DESIGNATION

If at any time during this litigation a party disputes the designation of Discovery Material as Confidential, the objecting party will notify the designating party in writing of such dispute and request a conference for the parties to confer in a good faith effort to resolve the dispute.  It shall be the responsibility of

counsel for the objecting party to arrange for this conference.  The objecting party's notice will identify the material in dispute and explain the basis for the objection.  Counsel for the designating party shall confer with counsel for the objecting party within ten (10) calendar days after the objecting party serves a letter requesting such conference.  If counsel are unable to settle their differences, they shall formulate a written stipulation ("Joint Stipulation") setting forth their respective positions on the confidentiality of the information at issue.  The Joint Stipulation shall be filed and served with the notice of motion.  The preparation of any joint stipulation shall be in accordance with Central District of California Civil Local Rule 37-2.2.  Any hearings related to the dispute shall be set in accordance with Central District of California Civil Local Rule 37-3.  After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date.  Unless otherwise ordered by the Court, a supplemental memorandum shall not exceed five (5) pages in length.  No other separate memorandum of points and authorities shall be filed by either party in connection with the motion.  Throughout the dispute resolution procedure in this paragraph, the designating party will have the burden of demonstrating that the material at issue is properly designated as Confidential Material under the terms of this Stipulated Protective Order.  In the event of a dispute over the confidentiality of particular material, the Parties will continue to treat the disputed Discovery Material as confidential until the dispute is resolved.

**VI.   NON-PARTY SUBPOENAS**

If any party receives a subpoena from any non-party to this Stipulated Protective Order seeking production or disclosure of Confidential Material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than three business days after receiving the subpoena and at least five business days before providing materials responsive to the subpoena, to counsel for the designating party, which notice will enclose a copy of the subpoena, such

that the designating party may assert its rights, if any, to non-disclosure. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## VII. NO RESTRICTIONS

Nothing in this Stipulated Protective Order will: (a) restrict any party with respect to their own documents or information; (b) restrict any party's rights with regard to discovery material that has not been designated as Confidential; (c) prejudice any party's rights to object to the production or disclosure of documents or other information that it considers not subject to discovery; (d) restrict the scope of discovery that can be sought by any party or deemed permissible by the Court; or (e) prejudice any party's right to seek, either by agreement or by application to the Court, greater or lesser protection than that provided herein, or modification of the terms of this Stipulated Protective Order. Nothing in this Stipulated Protective Order will be deemed to be a limit on or waiver of the attorney-client privilege, work product doctrine, or any other relevant privilege. Nothing in this Stipulated Protective Order will be deemed an agreement by either party to produce certain types of documents and/or information.

## VIII. RETURN OF CONFIDENTIAL MATERIALS

Within 60 days after the conclusion of this action, including any appeals, any party may request the return or destruction of all materials designated as Confidential Material and the responding party shall have 30 days thereafter to comply with such request, including ensuring that any person to whom they provided copies of any Confidential Material complies with this obligation. Provided, however, that counsel for either Party may, upon written notice, retain one copy of documents produced exclusively for the purposes of complying with document retention policies and not to be used for any other purposes. At the end of that document retention period, counsel will provide written notice that this copy has been destroyed. This provision will not apply to court filings or file

copies of pleadings, briefs or correspondence maintained by the Parties' respective counsel in the ordinary course of business.

## IX. BINDING EFFECT

This Stipulated Protective Order will remain in full force and effect at all times during which any party to this Stipulated Protective Order or any person having executed the attached Exhibit A retains in his, her, or its possession, custody or control of any Confidential Material.

## X. ADDITIONAL PARTIES TO LAWSUIT

If other parties are added to this action, no Confidential Material previously exchanged, produced, or used herein will be disclosed to such other parties or their counsel except upon their agreeing to be bound by the provisions of this Stipulated Protective Order. This provision does not prejudice any party's rights to otherwise object to the production or disclosure of Confidential or non-confidential documents or other information to a party added to this action.

## XI. ADDITIONAL RIGHTS

This Stipulated Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Stipulated Protective Order, and such right is expressly reserved.

| | |
|---|---|
| 1 | **ACCEPTED AND AGREED.** |
| 2 | IT IS SO STIPULATED. |
| 3 | |
| 4 | Dated:      March 20, 2014 |
| | BLUMENTHAL, NORDREHAUG & BHOWMIK |

By: /s *Piya Mukherjee*
　　Norman B. Blumenthal
　　Kyle R. Nordrehaug
　　Aparajit Bhowmik
　　Piya Mukherjee

　　Attorneys for Plaintiff GREGORY HILDEBRANDT

Dated:      March 20, 2014

WARGO & FRENCH LLP

By: /s *J. Scott Carr*
　　Mark L. Block
　　Nathan D. Chapman
　　J. Scott Carr
　　Jeffrey N. Williams

　　Attorneys for Defendants TWC ADMINISTRATION LLC and TIME WARNER NY CABLE LLC

IT IS SO ORDERED.

DATED:  March 28, 2014
_____

_____
Hon. David T. Bristow
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the Stipulation and Order Re: Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Gregory Hildebrandt v. TWC Administration LLC, Time Warner NY Cable LLC*, Case No. ED CV 13-02276 JGB (DTBx) and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

Dated: _____, 20___

By:_____
            Signature

_____
           Printed Name